## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

United States of America,                                  Case No. 3:12CR467

        Plaintiff/Respondent

        v.                                                          **ORDER**

Amir McGlown,

        Defendant/Petitioner


This is a petition for post-conviction relief under 28 U.S.C. § 2255 in which defendant Amir McGlown, also known as "Hajji,"alleges ineffective assistance of counsel.

The defendant pleaded guilty to unlawful dealing in firearms, including stolen firearms, a firearm with an obliterated serial number, and sawed-off shotguns. Defendant also possessed some of the firearms in conjunction with marijuana dealing. He received sentences totaling 120 months' imprisonment. His petition for 2255 relief is timely.

For the reasons that follow, I deny the petition.

### Discussion

Defendant asserts five instances of ineffective assistance of counsel– namely, that his lawyer failed to:

- Procure the services of an investigator to determine whether the ATF agent to whom defendant made the illegal sales entrapped him and whether the ATF targeted him due to his race;[1]

---

[1] Although defendant raised these failures as two separate instances of ineffective assistance, I will resolve them together.

- Advise him properly and adequately before having him plead guilty to possessing a firearm in conjunction with drug dealing;

- Investigate the case before recommending defendant take the plea agreement; and

- Call witnesses at sentencing to testify about his mental health and other other mitigating circumstances.

### 1. Failure to Investigate the Government's Allegedly Unlawful Conduct

Defendant has presented nothing to suggest, let alone establish, that an investigator could have uncovered evidence that authorities either targeted him on the basis of race or entrapped him into making multiple sales of guns.

The record shows that any such evidence, had defendant provided such, would have been unavailing. He acknowledged in the presentence report that his drug selling preceded his gun dealing. He began that aspect of his crimes after his cousin gave him two guns. The multiple sales that led to his convictions began on August 5, 2011, when he first sold four grams of marijuana and a 9-mm semiautomatic pistol to the undercover agent to whom he made his subsequent sales.

As further evidence of predisposition, defendant told the agent he had earlier traded a quarter ounce of marijuana and $100 for the pistol.  Moreover, defendant asked the agent to obtain additional customers for his drug dealing. Shortly thereafter, the defendant sold another firearm to the agent. And then he continued to do so, with the only inducement on the agent's part the modest amounts of money he paid to the defendant.

An entrapment defense would have been entirely frivolous. Defendant has no basis for faulting his lawyer for not seeking to expend government funds for a fruitless search for evidence that did not exist.

The same is true with regard to his conclusory claim that his race (African-American) motived the agent, also African-American, to investigate him and buy the weapons from him. His petition lacks evidence, let alone sufficient evidence, showing either "direct, circumstantial, or statistical evidence, that he was a target of racial profiling," as required under *United States v. Saucedo*, 226 F.3d 782, 790 (6th Cir. 2000). Conclusory and speculative assertions of improper race-based targeting, such as those defendant makes here, are not enough. *Id*.

As with his entrapment assertions, defendant has provided no basis whatsoever on which to base his claim that his lawyer should have expended his time and efforts, or that of an investigator, chasing after a theory of defense that could not prevail. As there was "no there there," there was no need or reason to go in that direction.

## 2. The Government Had Sufficient Evidence
## of Use of a Gun re. a Drug Offense

\       Defendant next claims that "the facts clearly showed [he] had not use or carried a firearm during and in relation to a drug trafficking crime."

There is no merit to this contention. The defendant simultaneously sold marijuana and a gun to an undercover ATF agent on August 25, 2011. Doing so constituted "carries" a firearm in violation of § 924(c), as the defendant physically transported a firearm, and kept it immediately available, during and in relation to a drug trafficking crime. *United States v. Moore*, 76 F.3d 111, 113 (6th Cir. 1996). Selling both drugs and a gun at the same time involves carrying a firearm during and in relation to a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A).

In light of the evidence against the defendant – all, or nearly all of which came from the first-hand involvement of an undercover agent – defense counsel acted wisely, not ineffectively, in advising the defendant to enter into a plea bargain as to this charge

### 3. There Was No Failure to Investigate

Defendant also claims his lawyer "failed to investigate my case at all, including interviewing witnesses, before recommending I take the plea agreement imposed by the U.S. Attorney." As with defendant's other complaints about his lawyer's performance, there is no basis for this contention.

First, the record shows that his attorney early on filed a discovery request. Absent evidence to the contrary, which the defendant has not provided, I can and do take judicial notice that, in this Division of this Court, the U.S. Attorney's Office regularly provides extensive – and usually complete - pretrial discovery to defense counsel. There is no reason to suspect, let alone find, that that office did not follow this policy in this case (as the government's brief represents that it did).

In any event, the government's evidence was straightforward and overwhelming: even if the lawyer failed to investigate, the defendant cannot show that such failure resulted in any prejudice. This is so because the defendant's attorney negotiated a highly favorable plea deal. Instead of being exposed, had he gone to trial, to multiple gun sales and other crimes, he wound up adjudicated guilty on but a very few of the counts.

Had the defendant not pleaded, there is no reason to believe he could have avoid conviction on all counts. That, in turn, undoubtedly would have led to a more severe sentence. Selling guns to a stranger, and indifferently, and quite possibly, putting them in the hands of persons who may well use them to wound and kill, is a crime of utmost seriousness and moral turpitude – and worthy of very severe sanction.

Instead of being ill-served, the defendant was well served by his attorney. This is so even if his lawyer had not done a lick of investigation. Whatever the lawyer failed to do (and I cannot find that

4

he failed to do anything he should have done), the outcome was so highly favorable to the defendant that he cannot show any resulting prejudice.[2]

### 4. Not Calling Witnesses at Sentencing
### Did Not Constitute Ineffective Assistance of Counsel

As just noted in the footnote below, the parties had negotiated a Rule 11(c)(1)(C) binding plea agreement. That left me with no discretion as to the defendant's sentence unless I rejected the plea agreement. Had I done so, and thereby forced the defendant either to plead to more counts or proceed to trial, the likelihood of a more severe sentence would have been very substantial.

Under all the circumstances, the defendant's attorney could have served no useful purpose by calling witnesses at sentencing. At that point, the lawyer's job was to get me to accept the binding plea agreement. He did so, and doing so, he served the defendant's best interests.

### Conclusion

The defendant's petition for § 2255 post-plea relief exhibits commonplace buyer's remorse. It also suggests that, contrary to the impression created by his plea and plea agreement, he has yet fully to accept responsibility for his manifold crimes, and their potentially deadly consequences.

The defendant should understand that granting relief would put him unavoidably at risk of a vastly more severe outcome. The government would be under no obligation to, and, I suspect, have little desire to offer any plea deal. In which case, the defendant would go to trial facing a very high

---

[2] I note that the plea agreement in this case was a Rule 11(c)(1)(C) binding plea agreement. It would appear likely that the defendant's attorney insisted on such an agreement in reasonable anticipation that I might have imposed a more severe sentence – even given a plea to the same counts – than that which the parties had negotiated. If so, counsel served the defendant especially well in this case.

likelihood of conviction on all counts. In which case, he would at sentencing quite possibly receive consecutive sentences as to many – perhaps all - the counts of conviction.

There is no merit whatsoever to the petition for relief under 28 U.S.C. § 2255. It is, accordingly,

ORDERED THAT:

1.      The petition for relief be, and the same hereby is denied; and

2.      An appeal from this order could not be taken in good faith, and reasonable jurists could not reasonably disagree with this order; accordingly, no certificate of appealability shall issue, and no appeal shall be taken without prepayment of the requisite filing fee.

The Clerk shall issue an order accordingly.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge